IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN GARDNER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, KIMBERLY MILLER PANKONIN,[1] DOUGLAS A. JOHNSON, MARLON A. POLK, and MATTHEW J. MILLER,<br><br>　　　　　Defendants. | 8:17CV391<br><br>MEMORANDUM<br>AND ORDER |

　　　　Plaintiff filed a Complaint on October 16, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

　　　　Plaintiff is a prisoner in the custody of the Nebraska Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against the State of Nebraska; Douglas County District Court Judge Kimberly Miller Pankonin ("Judge Miller Pankonin"); Douglas County Public Defender Douglas A. Johnson ("Johnson"); Marlon A. Polk ("Polk"); Matthew J. Miller ("Miller"); and Omaha Police Department Officers Josha J. Downs ("Downs") and Anthony Barnes

---

　　　　[1] In correspondence (filing no. 15) to the court, Plaintiff indicated that "Kimberly Miller Pankonin" is the proper name for this Defendant, not "Kimberly Pankonin Miller" as it appears in the caption. The court will, therefore, use the name indicated by Plaintiff in his letter and will direct the clerk's office to update the case caption to reflect the correct name for Defendant Miller Pankonin.

("Barnes").[2] Plaintiff broadly challenges several state court criminal proceedings[3] brought against him in Douglas County, Nebraska, alleging that he was maliciously prosecuted, falsely imprisoned, and suffered violations of his rights under the 4th, 5th, 6th, 8th, and 14th Amendments.

In 2015, Plaintiff alleges that he "falsely" served 198 days jail for CR15-694. ([Filing No. 1 at CM/ECF p.5](#).) Plaintiff claims Judge Miller Pankonin and Johnson lied to him and tricked him into withdrawing his not guilty plea to both CR15-694 and CR15-2366 and entering a no contest plea in CR15-694 in exchange for which CR15-2366 would be dismissed "and not brought back up." (*[Id](#).*) On September 7, 2016, Plaintiff alleges he was charged in CR16-3314 with the same charges that were dismissed in CR15-2366 "which is double jeopardy." (*[Id](#).*)

As a result of his false imprisonment, Plaintiff alleges he has suffered a number of harms including "fights in jail, sleeping in unclean cells, lack of food, lack of law library, . . . deformation [sic] of character, slander, los[s] of wages, . . . physical and emotional distress, illegal search and seizure, undue process, police brutally [sic], . . . false advisement, racial profiling, [and] stereotying [sic]." (*[Id](#).*) For relief, Plaintiff seeks monetary damages from "anybody/everybody" that was involved in cases CR15-694, CR15-2366, CR16-3314, CR16-20720, and CR16-20732. (*[Id](#). at CM/ECF p.6*.)

---

[2] Plaintiff did not list Officers Downs and Barnes in the caption of the Complaint, but the allegations in the body of the pleading indicate Plaintiff intended to include the officers as defendants. *See [Miller v. Hedrick](#), 140 Fed. App'x 640, 641 (8th Cir. 2005)* (citing *[Rice v. Hamilton Air Force Base Commissary](#), 720 F.2d 1082, 1085 (9th Cir. 1983)* ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

[3] The state criminal proceedings referenced by Plaintiff are Douglas County District Court cases CR15-694, CR15-2366, and CR16-3314, and Douglas County Court cases CR16-20720 and CR16-20732. The court will refer to each case by the case number.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting

under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff has alleged claims of violations of his rights under the 4th, 5th, 6th, 8th, and 14th Amendments to the Federal Constitution, as well as various state law claims. The Complaint, however, does not satisfy the general rules of pleading and is defective in several respects as discussed below.

### A. Sovereign Immunity

Plaintiff seeks monetary damages from the State of Nebraska. The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). Here, there is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter.

In addition, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state "is not a 'person' as that term is used in § 1983, and is not suable under the statute, regardless of the forum where the suit is maintained." *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 201 (1991). Thus, § 1983 does not create a cause of action against the State of Nebraska. Accordingly, Plaintiff's claims against the State of Nebraska will be dismissed.

4

## B. Rules of Pleading

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, Plaintiff's Complaint fails to comply with the general rules of pleading in at least two respects.

First, while Plaintiff names Polk, Miller, and Officers Downs and Barnes as Defendants in this matter, he makes no allegations against any of them in the body of his Complaint. For example, he does not allege that any of them are personally involved in the alleged constitutional violations or that any of them had any personal involvement whatsoever in any of the criminal cases referenced in the Complaint. As a result, Plaintiff has failed to state a claim upon which relief can be granted against any of these Defendants. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

Secondly, to the extent Plaintiff seeks to raise claims challenging the conditions of his confinement in prison, Plaintiff has failed to allege any facts to support such claims. Accordingly, any conditions-of-confinement claims will be dismissed for failure to state a plausible claim for relief.

## C. Claims against Johnson

Plaintiff has sued Johnson, his court-appointed public defender, for violations of his civil rights. However, 42 U.S.C. § 1983 specifically provides a cause of action against a person who, under color of state law, violates another's

federal rights. *West*, 487 U.S. at 48. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, when a public defender represents an indigent defendant in a state criminal proceeding, he is "not acting on behalf of the State; he is the State's adversary." *Id.* at 322, n.13. Thus, Plaintiff has failed to state a claim upon which relief may be granted against Johnson.

**D. Claims against Judge Miller Pankonin**

Plaintiff's claims against Judge Miller Pankonin are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff's Complaint contains only conclusory allegations that Judge Miller Pankonin improperly handled his criminal proceedings and deprived him of his rights in presiding over his plea proceedings in CR15-694 and CR15-2366. Although Plaintiff alleges she acted in violation of his constitutional rights, Plaintiff alleges no facts against Judge Miller Pankonin that would fall outside the scope of her duties in presiding over Plaintiff's criminal proceedings. Accordingly, Judge Miller Pankonin is immune from suit.

**E. Claims Barred by *Heck v. Humphrey***

In *Heck v. Humphrey*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. 477, 486–87 (1994); *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that he was deprived of his constitutional rights when he entered a plea in CR15-694 and is now being prosecuted for previously dismissed charges in violation of the Double Jeopardy Clause necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would call his criminal conviction and present confinement into question, his claims for relief are barred by *Heck v. Humphrey*.

**F. State Law Claims**

Liberally construed, Plaintiff asserts state law claims for malicious prosecution, false imprisonment, slander, and defamation. The court declines to exercise supplemental jurisdiction over any remaining state-law claims because it will dismiss all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

### IV. OTHER MOTIONS

Plaintiff has filed various motions in this case requesting the following: (1) to engage in discovery (filing no. 13), (2) an evidentiary hearing (filing no. 14), (3)

to amend the pleadings to reflect Judge Miller Pankonin's correct name (filing no. 15), and (4) "to increase security pending petition for rehearing or certiorari" pursuant to Fed. R. Civ. P. 62 (filing nos. 16, 17, and 18).

The court will grant Plaintiff's motion to amend (filing no. 15) to the extent that the case caption will be updated to reflect the proper form of Defendant Judge Miller Pankonin's name. All other motions are denied.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to amend (filing no. 15) is granted. The clerk's office is directed to change the name of Defendant "Kimberly Pankonin Miller" in the caption to "Kimberly Miller Pankonin."

2. Plaintiff's remaining motions (filing nos. 13, 14, 16, 17, and 18) are denied.

3. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

4. The court will enter judgment by separate document.

Dated this 14th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge