IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JUSTIN GARDNER, | |
|---|---|
| Plaintiff, | 8:17CV391 |
| vs. | |
| STATE OF NEBRASKA, KIMBERLY MILLER PANKONIN, DOUGLAS A. JOHNSON, MARLON A. POLK, and MATTHEW J. MILLER, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before me on correspondence from Plaintiff Justin Gardner which I liberally construe as a motion. (Filing No. 35.) In his letter, Plaintiff asks for a copy of the receipt showing he paid $337.28 towards the filing fee in this case and further seeks return of $100.00 from his $337.28 payment so that he may put those funds towards various filing fees he owes in state court. Plaintiff also asks the clerk of the court to fax various records from Plaintiff's "two reopened Douglas County District Court case numbers: CR15-694, and CR15-2366 . . . available at Nebraska's Judicial Records Justice site." (*Id*. at CM/ECF pp. 1–2.) Plaintiff's requests for a refund and for the state court records are denied.

First, the court cannot refund any portion of Plaintiff's filing fee in this case. Under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Moreover, the Prison Litigation

Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

Second, the clerk of the court cannot provide the state court records Plaintiff requests because the court does not possess such records. Plaintiff should direct his request to the appropriate state court in possession of the records he seeks (in this case, the Douglas County District Court of Nebraska). Accordingly,

IT IS ORDERED that:

1. Plaintiff's letter, construed as a motion, (filing no. 35) is denied.

2. The clerk of the court is directed to send to Plaintiff a copy of the receipt he requests, if available, and the court's record for Plaintiff's payments to the court in this case.

Dated this 15th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge